## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

_____

SANDRA MADDOX and TOMETTA           :
MADDOX HOLLEY,                      :     Civil Action No.
on behalf of themselves and all others :
similarly situated,                 :
                                    :     Class Action Complaint
                    Plaintiffs,     :
                                    :
        -against-                   :     JURY TRIAL DEMANDED
                                    :
THE BANK OF NEW YORK MELLON         :
TRUST COMPANY,                      :
                                    :
                    Defendant.      :
_____

        Plaintiffs Sandra Maddox and Tometta Maddox Holley ("Plaintiffs") bring this action on

behalf of themselves and all similarly situated persons against defendant The Bank of New York

Mellon Trust Company ("Defendant").  Plaintiffs make the allegations contained in this

Complaint on the basis of personal knowledge as to their own actions, and on the basis of

information and belief as to those of Defendant and other persons, as follows:

### NATURE OF THE CASE

        1.      This action seeks to redress Defendant's systematic and continuing failure to

present in a timely and lawful manner – and as required by New York law – to the county clerks

of New York State, proof that mortgages have been satisfied.

        2.      Under New York law, where a mortgagor has made "payment of authorized

principal, interest and any other amounts due", the mortgagee must, within thirty (30) days,

present a properly-executed satisfaction of mortgage "for recording to the recording officer of

the county where the mortgage is recorded".  If the mortgagee fails to do so, it is liable to the

mortgagor in the amount of $500.  The mortgagee is liable to the mortgagor in the amount of

$1,000 if the mortgagor fails to present such a satisfaction of mortgage within sixty (60) days, and in the amount of $1,500 if the mortgagor fails to present such a satisfaction of mortgage within ninety (90) days.  N.Y. Real Prop. Acts. Law Section 1921.  *See also* N.Y. Real Prop. Acts Law Section 275 (where the "full amount of principal and interest due" on a mortgage upon real property has been paid, the mortgagee shall cause a "certificate of discharge" to be "presented for recording to the recording officer of the county where the mortgage is recorded." Failure to do so within thirty (30), sixty (60) or ninety (90) days will render the mortgagee liable to the mortgagor in the amounts of $500, $1,000, or $1,500, respectively.)

3.     Defendant violated these statutes with respect to Plaintiffs and the other members of the class, as defined in paragraph 4 below, by failing to file on a timely basis their satisfactions of mortgage or certificates of discharge.

4.     The class (the "Class") consists of all mortgagors with respect to mortgages for which Defendant was a mortgagee, where: a) the mortgage was secured by real property located in the State of New York; b) all amounts due with respect to the mortgage, including principal, interest and any other amounts, were paid; and c) during the period beginning six years prior to the filing of this action Defendant failed to present satisfactions of mortgage or certificates of discharge within thirty (30) days to the recording office of the county where the mortgage was recorded.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. §1332(d).  This action is between citizens of different states.  Minimal diversity exists, a class action has been pled and there are more than 100 members of the Class, and the amount in controversy is in excess of $5 million, exclusive of interest and costs.

6.      Venue is proper in this District under 28 U.S.C. § 1391.  Defendant does substantial business in New York State and within this District, received substantial compensation and profits from the servicing of home mortgage loans in this District, and has engaged in unlawful practices in this District, so as to subject itself to personal jurisdiction in this District.  Plaintiffs' property was located in this District.

7.      This Court has personal jurisdiction over Defendant because Defendant does substantial business in New York State and a substantial portion of the wrongdoing alleged took place in this District.

## PARTIES

8.      Plaintiff Sandra Maddox is a citizen and resident of Augusta, Georgia.

9.      Plaintiff Tometta Maddox Holley is a citizen and resident of Augusta, Georgia.

10.     At all relevant times, Plaintiffs were the owners of a property at 149 Hampshire Street, Buffalo, New York 14213 (the "Property"), that was encumbered by a loan for which Defendant was mortgagee.

11.     Defendant is a full-service interstate bank that operates throughout the United States, including in New York State.  Defendant's principal place of business is in New York City.

## FACTUAL BACKGROUND

### A.     New York Law

12.     Large nationwide mortgagees such as Defendant, which are typically headquartered far from the communities in which the properties for which they provide mortgage loans are located, frequently fail to comply with their obligations to file mortgage satisfactions on a timely basis.  Indeed, mortgage satisfactions are often filed months, if not years, after they are due.

13.     Failing to record mortgage satisfactions is no mere administrative deficiency.  The failure to timely file a mortgage satisfaction can frustrate landowners who need a marketable title to complete a property sale or to refinance a property.   This is because a title company cannot provide a clear title report in cases where mortgages remain "open" due to a mortgagee's failure to timely file a mortgage satisfaction.

14.     Recognizing the significance of timely filing of mortgage satisfactions, to address mortgagees' failures to file mortgage satisfactions in a timely manner, New York law provides in N.Y. Real Prop. Acts. Law § 1921:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of  real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

15.     New York also enacted N.Y. Real Prop. Law § 275, which provides:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter.  The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded.  Failure by a mortgagee to present a

4

certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

16.     The  recording office of the county where the mortgage was recorded routinely records satisfactions of mortgages expeditiously upon presentment.

**B.     Defendant Failed to Timely Record a Release/Satisfaction of Plaintiffs' Mortgage Loan**

17.     On October 6, 2000, Plaintiffs entered in to a mortgage loan (the "Mortgage Loan") with Aegis Mortgage Corporation with respect to the Property.  The mortgage (the "Mortgage") with respect to the Mortgage Loan was recorded with the Erie County Clerk's Office on October 12, 2000. As nominee for Aegis Mortgage Corporation d/b/a UC Lending, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Mortgage to Defendant by an Assignment of Mortgage dated January 24, 2013.  The Assignment of Mortgage was recorded with the Erie County Clerk's Office on February 12, 2013.

18.     On or about October 5, 2014, Plaintiffs paid off and terminated the Mortgage Loan, pursuant to the Payoff Quote dated October 1, 2014, Exhibit 1 (the "Payoff Quote").

19.     Defendant has failed to  file a satisfaction of mortgage with the Erie County Clerk's Office  ("Clerk's  Office") as of the present date  – approximately fourteen (14) months days after Plaintiffs paid their loan in full.

20.     Defendant did not comply with its obligations under New York law to file in the Clerk's Office a satisfaction of mortgage within the required time.

21.     Defendant's failure to timely record a satisfaction of mortgage with respect to the Mortgage Loan is typical for Defendant, which has engaged in a pattern and practice of recording satisfaction documents beyond the statutorily prescribed time limits to do so.

## CLASS ALLEGATIONS

22.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

23.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (c)(4), on behalf of themselves and the Class.

24. The Class consists of:

All mortgagors with respect to mortgages for which Defendant was a mortgagee where: (a) the mortgage was secured by real property located in the State of New York; (b) all amounts due with respect to the mortgage, including principal, interest and any other amounts, were paid; and (c) during the period beginning six years prior to the filing of this action Defendant failed to present for recording a certificate of discharge, satisfaction or release within thirty (30) days to the recording office of the county where the mortgage was recorded.

25.     Plaintiffs do not know the exact size of the proposed Class or the identities of its members, because such information is in the exclusive control of Defendant.  Plaintiffs believe that the proposed Class encompasses many hundreds and perhaps thousands of individuals whose identities can be readily ascertained from Defendant 's books and records.  Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

26.     The proposed Class is readily ascertainable, because Defendant and/or Defendant's servicers have records which identify each individual borrower who fits within the definition of the proposed Class.

27.     Based on the number of Class members and the size of the penalties and damages at issue, Plaintiffs believe that the amount in controversy with respect to the proposed Class exceeds $5 million.

28.     All members of the proposed Class have been subject to and affected by a uniform course of conduct by Defendant in that each made all payments due on the mortgage loan, but Defendant failed to timely record a release/satisfaction of mortgage with the county clerk or recorder's office.

29.     There are questions of law and fact that are common to the proposed Class that predominate over any questions affecting only individual members of the Class.  These questions include, but  are not limited to the following:

    a.     Whether Defendant failed to present for recording certificates of discharge, satisfaction or release within thirty days following full payment on mortgage loans;

    b.     Whether Defendant's conduct violates N.Y Real Prop. Acts. Law § 1921;

    c.     Whether Defendant's conduct violates N.Y. Real Prop. Law § 275; and

    d.     Whether the Court can and should order penalties, damages and enter injunctive relief.

30.     The claims of the individual named Plaintiffs are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both Plaintiffs and the other members of the Class were subject to the same conduct by Defendant.

31.     The individual named Plaintiffs will fairly and adequately represent the interests of the Class.  Plaintiffs are committed to the vigorous prosecution of the Class' claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions, including consumer protection actions.

32.     A class action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

33.     This putative class action meets the requirements of Fed. R. Civ. P. 23(b)(3), and Fed. R. Civ. P. 23(c)(4).

34.     Defendant has acted or refused to act on grounds that apply generally to the Class so that monetary relief is appropriate respecting the Class as a whole.

35.     Defendant has acted or refused to act on grounds that apply generally to the Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Acts. Law § 1921)

36.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-35 above, as if fully set forth herein.

37.     Defendant has failed to present for recording satisfactions of mortgage or certificates of discharge on a timely basis, as required by N.Y. Real Prop. Acts. Law § 1921, with respect to Plaintiffs and Class members.

38.     Defendant failed to present a satisfaction of mortgage or certificate of discharge of the Maddoxes' mortgage for recording within thirty days of the date upon which the full amount of principal and interest was paid on the Mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded at any time during the period of approximately 14 (fourteen) months since the discharge date.

39.      By reason of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law §
1921.  Defendant is liable to Plaintiffs and the other members of the Class for the statutory
damages and other relief that are due.

**SECOND CAUSE OF ACTION**
**(Violation of N.Y. Real Prop. Law § 275)**

40.      Plaintiffs repeat and re-allege the allegations contained in paragraphs 1-35, above,
as if fully set forth herein.

41.      Defendant has failed to present satisfactions of mortgage or certificates of
discharge on a timely basis, as required by N.Y. Real Prop. Law § 275, with respect to Plaintiffs
and Class members.

42.      Defendant failed to present a satisfaction of mortgage or certificate of discharge
for recording within thirty days of the date upon which the full amount of principle and interest
was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not
recorded during the period of approximately 14 (fourteen) months following  the discharge date.

43.      By reason of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275.
Defendant is liable to Plaintiffs and the other members of the Class for the statutory damages and
other relief that are due.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against
Wells Fargo as follows:

1.      Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of
Civil Procedure, with a Class as defined above;

2.      Declaring that the practices complained of herein are unlawful under the
respective provisions of New York Law set out in the Causes of Action;

3.      On Plaintiffs' First Cause of Action, awarding against Wells Fargo statutory damages that Plaintiffs and the other members of the Class are due as a result of Defendant's actions;

4.      On Plaintiffs' Second Cause of Action, awarding against Defendant statutory damages that Plaintiffs and the other members of the Class are due as a result of Wells Fargo's actions;

5.      Awarding prejudgment and post-judgment interest;

6.      Awarding of costs and expenses of this action together with reasonable attorneys' and experts' fees and an award of a service payment to Plaintiffs; and

7.      Awarding Plaintiffs and the Class such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiffs hereby demand a trial by jury on all issues of fact raised by this Complaint.

Dated: December 15, 2015

Respectfully,

KLAFTER OLSEN & LESSER, LLP

By:      _____

Seth R. Lesser
Two International Drive, Suite 350
Rye Brook, NY  10573
(914) 934-9200

Todd S. Collins*
Eric Lechtzin*
BERGER & MONTAGUE, P.C.
1622 Locust Street

10

Philadelphia, PA  19103
(215) 875-3000

Stuart Rossman*
Charles Delbaum*
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA  02110
(617) 542-8010

* to be admitted *pro hac vice*