# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SANDRA MADDOX and TOMETTA MADDOX HOLLEY, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> -against-<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY,<br><br>     Defendant. | Civil Action No. 15-cv-01053 (RJA) |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, ALTERNATIVELY, TO ENTER JUDGMENT

Plaintiffs submit this Notice of Supplemental Authority to bring to the Court's attention the decision filed by the United States Court of Appeals for the Ninth Circuit, *Chen vs. Allstate Insurance Company,* Case No. 13-16816, on April 12, 2016. This decision—which is the first Court of Appeals decision to address attempts to pick off class actions by a tender to a named plaintiff since the Supreme Court's decision in *Campbell-Ewald v. Gomez*, 136 S. Ct. 663 (2016)—is relevant to the mootness argument presented in Defendant Bank of New York Mellon's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) or, in the Alternative, to Enter Judgment pursuant to Rule 54, which was fully briefed as of April 4, 2016. A copy of the *Chen* decision is submitted with this Notice of Supplemental Authority as Exhibit "A".  In two dispositive respects, *Chen* supports Plaintiff's opposition to Defendant's motion.

*First*, it accords with Plaintiff's contention, made at pages 2-5 of Plaintiffs' opposition (Dkt No. 13) that under *Campbell-Ewald* what matters in determining whether even an

*individual claim* is moot is whether Plaintiffs have accepted and cashed the check provided by the Defendant.  In *Chen*, the defendant had deposited in an escrow account, but the Ninth Circuit held that such a tendered payment is insufficient to moot plaintiff's individual claim: "Where, as here . . . funds have been deposited in an escrow account, relief has been offered, but it has not been received." Slip Opinion at 5.

*Second*, the Court in *Chen* also re-affirmed its previous holding in *Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081 (9th Cir. 2011), that "even if the district court entered judgment affording [defendant] Pacleb complete relief on his individual claims for damages and injunctive relief, mooting those claims, Pacleb would still be able to seek class certification." The *Chen* Court went further, however.  Following the Supreme Court's directive in *Campbell-Ewald,* it held that "[b]ecause Pacleb has not yet had a fair opportunity to move for class certification, we will not direct the district court to enter judgment, over Pacleb's objections, on his individual claims." Slip Opinion at 6.  Inasmuch as Plaintiffs here have not had such an opportunity to move for class certification, Defendant's mootness argument fails.  Indeed, this is precisely what Plaintiffs argued at pages 11-15 of their opposition.

Thus, even if Defendant's Offer of Judgment had provided Plaintiffs with complete relief—which, as explained at length in Plaintiffs' Memorandum in Opposition, it did not—this Court should deny Defendant's motions.

Dated: April 13, 2016

Respectfully submitted,

KLAFTER OLSEN & LESSER LLP

By:  _____

Seth R. Lesser
Christopher M. Timmel*
Two International Drive, Suite 350
Rye Brook, NY  10573
(914) 934-9200

Todd S. Collins*
Eric Lechtzin*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000

Stuart Rossman*
Charles Delbaum*
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA  02110
(617) 542-8010

* to be admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of this **NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, ALTERNATIVELY, TO ENTER JUDGMENT**, was served upon Defendant's counsel on April 13, 2016 via the ECF system.

Seth R. Lesser

# EXHIBIT A

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD CHEN; FLORENCIO PACLEB, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellees*, | No. 13-16816 |
| | D.C. No. 4:13-cv-00685-PJH |
| v. | |
| ALLSTATE INSURANCE COMPANY, *Defendant-Appellant.* | OPINION |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted
March 22, 2016—San Francisco, California

Filed April 12, 2016

Before: Barry G. Silverman, Raymond C. Fisher
and Richard C. Tallman, Circuit Judges.

Opinion by Judge Fisher

## **SUMMARY**[*]

### **Mootness / Offers of Judgment**

The panel affirmed the district court's denial of a motion to dismiss a putative class action under the Telephone Consumer Protection Act as moot following defendant's unaccepted offer of judgment on a plaintiff's individual claims under Federal Rule of Civil Procedure 68.

The panel held that the case was not moot because first, even if the district court entered judgment affording the plaintiff complete relief on his individual claims for damages and injunctive relief, mooting those claims, he would still be able to seek class certification under *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), which remains good law pursuant to *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *aff'd*, 136 S. Ct. 663 (2016). Second, even if *Pitts* were not binding, and the defendant could moot the entire action by mooting the plaintiff's individual claims, the individual claims were not yet moot because the plaintiff had not yet actually received relief. The panel held that it would not direct the district court to enter judgment, over the plaintiff's objections, on his individual claims when he had not yet had a fair opportunity to move for class certification.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Mark J. Levin (argued), Ballard Spahr LLP, Philadelphia, Pennsylvania; Daniel M. Benjamin, Ballard Spahr LLP, San Diego, California; and Scott M. Pearson, Ballard Spahr LLP, Los Angeles, California, for Defendant-Appellant.

F. Paul Bland, Jr. (argued) and Claire Prestel, Public Justice, P.C., Washington, D.C.; Abbas Kazerounian, Kazerouni Law Group, APC, Costa Mesa, California; Joshua B. Swigart, Hyde & Swigart, San Diego, California; Todd M. Friedman, Law Offices of Todd Friedman, P.C., Beverly Hills, California; and Spencer J. Wilson, Public Justice, P.C., Oakland, California, for Plaintiffs-Appellees.

Kate Comerford Todd and Tyler R. Green, Chamber of Commerce of the U.S., Washington, D.C.; Eric J. Ellman, Consumer Data Industry Association, Washington, D.C.; Theodore J. Boutrous Jr., Gibson, Dunn & Crutcher LLP, Los Angeles, California; Robert E. Dunn, Gibson, Dunn & Crutcher LLP, Palo Alto, California; and Gregory G. Garre, Latham & Watkins LLP, Washington, D.C., for Amici Curiae Chamber of Commerce of the United States and Consumer Data Industry Association.

Timothy Sandefur and Anastasia P. Boden, Pacific Legal Foundation, Sacramento, California, for Amicus Curiae Pacific Legal Foundation.

James M. Nelson, Greenberg Traurig, LLP, Sacramento, California; James N. Boudreau, Greenberg Traurig, LLP, Philadelphia, Pennsylvania; Thomas S. Knox, Knox Lemmon & Anapolsky, LLP, Sacramento, California; and John F. Farraher, Jr., Greenberg Traurig, LLP, Boston,

4                   CHEN V. ALLSTATE INS. CO.

Massachusetts, for Amicus Curiae California Retailers
Association.

James C. Sturdevant, The Sturdevant Law Firm, San
Francisco, California, for Amicus Curiae National
Association of Consumer Advocates.

Scott L. Nelson, Allison M. Zieve, and Adina H. Rosenbaum,
Public Citizen Litigation Group, Washington, D.C., for
Amicus Curiae Public Citizen, Inc.

---

## OPINION

FISHER, Circuit Judge:

Florencio Pacleb filed a class action complaint against
Allstate Insurance Company, alleging he received unsolicited
automated telephone calls to his cellular telephone, in
violation of the Telephone Consumer Protection Act. Taking
a cue from a recent Supreme Court case, *Campbell-Ewald
Co. v. Gomez*, 136 S. Ct. 663 (2016) ("*Campbell-Ewald*"), on
appeal Allstate deposited $20,000 in full settlement of
Pacleb's individual monetary claims in an escrow account
"pending entry of a final District Court order or judgment
directing the escrow agent to pay the tendered funds to
Pacleb, requiring Allstate to stop sending non-emergency
telephone calls and short message service messages to Pacleb
in the future and dismissing this action as moot." On the
basis of these actions, Allstate argues we should "reverse the
denial of Allstate's motion to dismiss for lack of subject
matter jurisdiction and remand to the District Court to order
disbursement of the tendered funds to Pacleb, the entry of

judgment in favor of Pacleb and the dismissal of this action as moot." We disagree.

First, even if the district court entered judgment affording Pacleb complete relief on his individual claims for damages and injunctive relief, mooting those claims, Pacleb would still be able to seek class certification under *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011). Although Allstate argues *Pitts* is no longer good law after *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), we rejected that very argument in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) ("*Gomez*"), *aff'd*, 136 S. Ct. 663 (2016). *Pitts* therefore remains the law of this circuit.[1]

Second, even if *Pitts* were not binding, and Allstate *could* moot the entire action by mooting Pacleb's individual claims for damages and injunctive relief, those individual claims are not now moot, and we will not direct the district court to moot them by entering judgment on them before Pacleb has had a fair opportunity to move for class certification. Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered. Where, as here, injunctive relief has been offered, and funds have been deposited in an escrow account, relief has been offered, but it has not been received. Pacleb's individual claims, therefore, are not now moot. Nor will we direct the district court to moot them. Assuming arguendo a district court could enter a judgment according complete relief on a plaintiff's individual claims over the plaintiff's objections,

---

[1] In *Campbell-Ewald*, 136 S. Ct. 663, the Supreme Court affirmed *Gomez*, but did not address the continuing validity of *Pitts*. *Gomez*'s holding on this issue, therefore, remains binding in this circuit.

thereby mooting those claims, such action is not appropriate here. As the Supreme Court said in *Campbell-Ewald*, 136 S. Ct. at 672, "[w]hile a class lacks independent status until certified, see *Sosna v. Iowa*, 419 U.S. 393, 399 (1975), a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Because Pacleb has not yet had a fair opportunity to move for class certification, we will not direct the district court to enter judgment, over Pacleb's objections, on his individual claims.

For the above reasons, we affirm the order denying Allstate's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

In 2013, Richard Chen and Florencio Pacleb filed a class action complaint against Allstate Insurance Company, asserting violations of the Telephone Consumer Protection Act (TCPA). The TCPA makes it unlawful, in part, "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A). An aggrieved person may bring an action to enjoin a violation of this provision or to seek actual or statutory damages. *See id.* § 227(b)(3). Statutory damages are $500 per violation. *See id.* § 227(b)(3)(B). If a violation is willful or knowing, a court may treble the award. *See id.* § 227(b)(3).

Chen alleged he received eight calls from Allstate in violation of § 227(b)(1)(A).  Pacleb alleged he received five such calls.  In Pacleb's case, the automated calls asked for an individual named Frank Arnold.  Chen and Pacleb brought their claims "on behalf of themselves and all others similarly situated," as members of a proposed class defined as:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

In their first cause of action, for negligent violations of the TCPA, Chen and Pacleb sought for themselves and the members of the proposed class $500 in statutory damages for each violation and injunctive relief prohibiting such conduct in the future.  In their second cause of action, for knowing or willful violations of the TCPA, they sought $1500 in statutory damages for each violation and similar injunctive relief.  The plaintiffs subsequently abandoned their claims for knowing or willful violations of the TCPA.

In April 2013, before any motion for class certification had been made, Allstate made an offer of judgment to Chen and Pacleb under Rule 68 of the Federal Rules of Civil Procedure.  Allstate offered to allow judgment to be taken against it by Chen and Pacleb "on their individual claims in the amount of $15,000.00 and $10,000.00, respectively, together with reasonable attorneys' fees and costs that have been accrued to date."  With respect to Chen and Pacleb's

demand for injunctive relief, Allstate agreed "to stop sending non-emergency telephone calls and short message service messages to [them] in the future." The offer was made "solely for the purposes specified in Rule 68" and provided Chen and Pacleb 14 days to accept the offer in writing. The offer also directed Chen's and Pacleb's "attention to the provision of Rule 68 that provides that '[i]f the judgment finally obtain[ed] [by Plaintiffs] is not more favorable than [Allstate's] offer, the [Plaintiffs] must pay the costs incurred after the offer was made'" (alterations in original) (quoting Fed. R. Civ. P. 68(d)).

When Chen and Pacleb did not accept the offer within 14 days, Allstate sent plaintiffs' counsel a letter purporting to extend the "offer of judgment until such time as it is accepted by plaintiffs or Allstate withdraws the offer in writing" and, the next day, moved to dismiss the complaint for lack of subject matter jurisdiction. Allstate argued "Plaintiffs' claims are moot because Allstate (without admitting liability) made an offer of judgment under Fed. R. Civ. P. 68 in an amount that is more than sufficient to satisfy all of Plaintiffs' alleged individual damages and non-monetary requests for relief." In Allstate's view, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." The plaintiffs' class claims "should also be dismissed as moot" because "no class certification motion has been filed." Allstate urged the court to enter judgment of dismissal "in its favor and against Plaintiffs with prejudice." While the motion to dismiss was pending, Chen accepted Allstate's Rule 68 offer. Pacleb did not.

The district court denied Allstate's motion to dismiss.
The court did not squarely address whether Allstate's Rule 68
offer provided complete relief on Pacleb's individual claims
for damages and injunctive relief.    Nor did the court
determine whether such an offer, if unaccepted, would moot
Pacleb's individual claims.   Instead, the court relied on this
court's decision in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d
1081 (9th Cir. 2011), to hold that, even if Pacleb's individual
claims could be considered fully satisfied by the offer, the
action as a whole continued to present a justiciable
controversy affording Pacleb an opportunity to move for class
certification.    In doing so, the court rejected Allstate's
argument that *Pitts* was no longer good law in light of the
Supreme Court's intervening decision in *Genesis Healthcare*.
The district court subsequently granted Allstate's motion to
certify the order for interlocutory appeal under 28 U.S.C.
§ 1292(b), stating the court "would welcome the Ninth
Circuit's view as to whether its *Pitts* decision remains good
law in light of *Genesis Healthcare*." We granted permission
to appeal. While the appeal was pending, we decided *Gomez*,
768 F.3d at 875–76, holding *Pitts* remains the law of this
circuit after *Genesis Healthcare*.

Also while this appeal was pending, the Supreme Court
decided *Campbell-Ewald*. *Campbell-Ewald* confirmed that
"an unaccepted settlement offer has no force." 136 S. Ct. at
666. "Like other unaccepted contract offers, it creates no
lasting right or obligation." *Id.* "With the offer off the table,
and the defendant's continuing denial of liability, adversity
between the parties persists." *Id.*[2] Thus, an unaccepted offer

---

[2] In its initial briefing in this court, Allstate attempted to distinguish this
case from *Diaz v. First American Home Buyers Protection Corp.*,
732 F.3d 948 (9th Cir. 2013) (holding an unaccepted Rule 68 offer does

to satisfy the named plaintiff's individual claim is insufficient "to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Id.* The Court also declined to "decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672. The Court expressly reserved this question "for a case in which it is not hypothetical." *Id.*

Allstate seeks to take up that hypothetical here. Shortly after the Supreme Court issued *Campbell-Ewald*, Allstate deposited $20,000 in a bank escrow account "pending entry of a final District Court order or judgment directing the escrow agent to pay the tendered funds to Pacleb, requiring Allstate to stop sending non-emergency telephone calls and short message service messages to Pacleb in the future and dismissing this action as moot."**[3]** Allstate argues this action

---

not moot a claim), on the ground that *Diaz* involved an expired offer of judgment, whereas Allstate purported to hold its Rule 68 offer open. Following the Supreme Court's decision in *Campbell-Ewald*, however, Allstate has not continued to press that argument, and properly so. Under *Campbell-Ewald*, the key question is whether an offer has been accepted, regardless of whether it has lapsed or remains on the table. *See Campbell-Ewald*, 136 S. Ct. at 666 ("We hold today, in accord with Rule 68 of the Federal Rules of Civil Procedure, that an *unaccepted* settlement offer has no force." (emphasis added)); *id.* at 672 (holding "an *unaccepted* settlement offer or offer of judgment does not moot a plaintiff's case" (emphasis added)).

**[3]** We grant Allstate's motion to supplement the record on appeal to include the escrow documents. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1020 n.3 (9th Cir. 2010) ("Because the new facts that the defendants seek to establish bear on whether the controversy

on the part of the district court would moot Pacleb's individual claims. It further contends that, because *Pitts* no longer remains good law, the existence of Pacleb's class claims do not preserve a justiciable controversy. Accordingly, Allstate urges us to "reverse the denial of Allstate's motion to dismiss for lack of subject matter jurisdiction and remand to the District Court to order disbursement of the tendered funds to Pacleb, the entry of judgment in favor of Pacleb and the dismissal of this action as moot."

## STANDARD OF REVIEW

We review de novo the denial of a motion to dismiss for lack of subject matter jurisdiction. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir. 2000).

## DISCUSSION

Allstate's theory of mootness turns on three contentions: (1) that the judgment it has consented to would afford Pacleb *complete relief* on his individual claims for damages and injunctive relief; (2) that the district court should be required to enter judgment on these terms, and that, once the court does so, Pacleb's individual claims will become moot; and (3) assuming Pacleb's individual claims become moot, the existence of his class allegations will be insufficient to preserve a live controversy. As explained below, we agree with Allstate's first contention, but reject its second and third arguments.

---

before us is moot, we exercise our discretion to supplement the record on appeal so that we may determine whether we have jurisdiction . . . .").

## A.  Complete Relief

Pacleb argues the judgment Allstate has consented to would not afford him complete relief on his individual claims for damages and injunctive relief, because Allstate has neither admitted liability nor offered sufficiently broad injunctive relief.  We disagree.

### 1.  Admission of Liability

Pacleb contends Allstate has not agreed to complete relief because the judgment it has consented to would not include an admission of liability.  Because his complaint alleges Allstate violated the TCPA, he maintains he "has an interest in a finding of liability by a court, or an admission of liability from Allstate, on those legal allegations."

Pacleb, however, has not explained why, under the circumstances of this case, an admission of liability is necessary to afford him complete relief on his non-class claims.  Pacleb's complaint sought only statutory damages and injunctive relief, not an admission of liability or a declaration that Allstate violated his rights.  When a plaintiff has received "all the relief [he] could win on the merits," an adjudication would have no "consequences on remaining related disputes between the parties" and "nothing further would be ordered by the court, there is no point in proceeding to decide the merits."  13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.2 (3d ed. 2015).  *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–33 (2013) (holding a covenant not to sue mooted a counterclaim of trademark invalidity, notwithstanding the lack of an admission or finding of liability); *McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2d Cir. 2005) (holding

a plaintiff "is not entitled to keep litigating his claim simply because [the defendant] has not admitted liability").

### 2.   Scope of Injunctive Relief

Pacleb alternatively contends Allstate has not agreed to complete relief on his individual claims because the judgment to which it has consented would not provide the full scope of injunctive relief he seeks in his complaint.   He argues, "[g]iven the fact that [he] received calls from Allstate looking for a 'Mr. Arnold,' errors in Allstate's phone records leave reason to doubt that a narrow injunction merely requiring Allstate to refrain from calling [him] would be effective." According to Pacleb, only a nationwide injunction enjoining Allstate from all violations of § 227(b)(1)(A) will afford him effective relief.

Pacleb is correct that he is not necessarily precluded from obtaining nationwide injunctive relief:

> While injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification, "an injunction is not necessarily made overbroad by extending benefit or protection to persons other than prevailing parties in the lawsuit – even if it is not a class action – *if such breadth is necessary to give prevailing parties the relief to which they are entitled*."

*Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir. 1996) (citation omitted) (quoting *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987)).   Here, however, Pacleb has given us no reason to believe the

injunctive relief to which Allstate has consented would be inadequate, or that he could obtain broader relief after a trial on the merits. Allstate, therefore, has consented to all the injunctive relief to which Pacleb individually is entitled.

## B. Continuing Validity of *Pitts*

In Allstate's view, if it is able to fully satisfy Pacleb's individual claims, the action as a whole will also be moot. We disagree. Even if, as Allstate proposes, the district court were to enter judgment providing complete relief on Pacleb's individual claims for damages and injunctive relief before class certification, fully satisfying those individual claims, Pacleb still would be entitled to seek certification. In *Pitts*, 653 F.3d at 1091, we observed that a named plaintiff's claim is "transitory in nature and may otherwise evade review" in light of a defendant's tactic of "picking off" lead plaintiffs to avoid a class action. As a leading treatise explains, "[t]o the extent that defendants may avoid a class action by 'picking off' the named plaintiffs, the class claims are 'inherently transitory' and evade review, making an exception to the mootness rule appropriate." 5 James Wm. Moore, *Moore's Federal Practice* § 23.64[1][b] (3d ed. 2016). Accordingly, we held

> an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action. If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue. Then, if

the district court certifies the class, certification relates back to the filing of the complaint. Once the class has been certified, the case may continue despite full satisfaction of the named plaintiff's individual claim because an offer of judgment to the named plaintiff fails to satisfy the demands of the class. *See Sosna*, 419 U.S. at 402–03. Conversely, if the district court denies class certification, under [*Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980),] and [*U.S. Parole Commission v. Geraghty*, 445 U.S. 388 (1980)], the plaintiff may still pursue a limited appeal of the class certification issue. Only once the denial of class certification is final does the defendant's offer – if still available – moot the merits of the case because the plaintiff has been offered all that he can possibly recover through litigation.

*Pitts*, 653 F.3d at 1091–92 (footnote omitted).**[4]**

Allstate argues *Pitts* is no longer good law in light of the Supreme Court's intervening decision in *Genesis Healthcare*, which questioned the application of "the 'inherently transitory' relation-back rationale" to circumstances in which the transitory nature of the claim arises from "the defendant's

---

**[4]** *Pitts* assumed without deciding that a mere offer of complete relief on a named plaintiff's individual claim was sufficient to moot that claim. Subsequent decisions make clear this is not the case. *See Campbell-Ewald*, 136 S. Ct. at 666; *Gomez*, 768 F.3d at 874–75; *Diaz*, 732 F.3d at 954–44.

litigation strategy" rather than "the fleeting nature of the challenged conduct giving rise to the claim." 133 S. Ct. at 1531. In *Gomez*, 768 F.3d at 875–76, however, we squarely rejected that very argument. Because *Genesis Healthcare* concerned collective actions brought under the Fair Labor Standards Act (FLSA) rather than class actions under Federal Rule of Civil Procedure 23, *Gomez* held *Pitts* was not clearly irreconcilable with *Genesis Healthcare*. *See id.* Although *Genesis Healthcare* "undermined some of the reasoning employed in *Pitts* . . . , courts have universally concluded that the *Genesis* discussion does not apply to class actions." *Id.* at 875. "In fact, *Genesis* itself emphasizes that 'Rule 23 [class] actions are fundamentally different from collective actions under the FLSA.'" *Id.* at 875–76 (alteration in original) (quoting *Genesis Healthcare*, 133 S. Ct. at 1529).

Because *Gomez*'s holding that *Pitts* is not clearly irreconcilable with *Genesis Healthcare* is not itself clearly irreconcilable with intervening Supreme Court authority, we are bound by *Gomez*. *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc) (holding "a three-judge panel may [not] reexamine normally controlling circuit precedent in the face of an intervening United States Supreme Court decision" unless "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority"). Accordingly, *Pitts* remains the law of this circuit. Under *Pitts*, even assuming Allstate could fully satisfy Pacleb's individual claims, Pacleb still would be able to seek class certification.

## C. Effect of Allstate's Actions

Furthermore, even if *Pitts* were not controlling, we would reject Allstate's attempt to moot this action before Pacleb has

had a fair opportunity to seek certification.  That is, even if Allstate could moot the entire action by getting the district court to enter judgment in favor of Pacleb on his individual claims before he has had a fair opportunity to move for certification, we would decline Allstate's invitation to direct the district court to take that action.

As noted, Allstate recently deposited $20,000 in escrow and proposed entry of judgment favorable to Pacleb on his individual claims for damages and injunctive relief.  Allstate contends its actions invoke the hypothetical question reserved in *Campbell-Ewald* – whether a case becomes moot when "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." 136 S. Ct. at 672.  Allstate argues we must direct the district court to enter judgment and dismiss both Pacleb's individual claims and the action as a whole as moot.

## 1. Allstate's Actions to Date Do Not Afford Pacleb Any Actual Relief and Thus Do Not Moot His Individual Claims for Damages and Injunctive Relief

As an initial matter, Allstate does not dispute that its actions to date – depositing $20,000 in escrow on Pacleb's individual damages claim and agreeing to an injunction on his individual injunctive relief claim – do not afford Pacleb any actual relief, and thus do not moot his individual claims for damages and injunctive relief.

As we read *Campbell-Ewald*, a lawsuit – or an individual claim – becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through

further litigation. *Campbell-Ewald* cited a trio of railroad cases that reenforce this view. In *San Mateo County v. Southern Pacific Railroad Co.*, 116 U.S. 138, 141 (1885), the county sued the railroad for unpaid taxes and the railroad paid the county a sum exceeding the taxes, penalties, attorney's fees and interest sought in the lawsuit. Noting the "debt for which the suit was brought has been unconditionally paid and satisfied," the Supreme Court dismissed the appeal, holding "there is no longer an existing cause of action in favor of the county against the railroad company." *Id.* at 141–42. In *Little v. Bowers*, 134 U.S. 547 (1890), the taxes in dispute again were fully paid while the appeal was pending. Relying on *San Mateo County*, the Court dismissed the appeal due to the absence of an "actual controversy, involving real and substantial rights, between the parties." *Id.* at 556–58. In *California v. San Pablo & Tulare Railroad Co.*, 149 U.S. 308 (1893), California sued the railroad to recover taxes. The railroad tendered to the state a sum of money equal to the taxes, penalties, interest and attorney's fees at issue in the litigation. *See id.* at 311–12. Although the state did not accept the tender, the railroad deposited the funds in a bank in accordance with a state law making such a deposit equivalent to actual payment. *See id.* at 312.**[5]** The Supreme Court dismissed the appeal:

> [T]here can be no doubt that this writ of error must be dismissed, because the cause of

---

**[5]** Under the statute, "[a]n obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this State of good repute, and notice thereof is given to the creditor." *San Pablo*, 149 U.S. at 312 (quoting Cal. Civ. Code § 1500) (internal quotation marks omitted).

CHEN V. ALLSTATE INS. CO.

> action has ceased to exist. Any obligation of
> the defendant to pay to the State the sums
> sued for in this case, together with interest,
> penalties and costs, has been extinguished by
> the offer to pay all these sums, and the deposit
> of the money in a bank, which by a statute of
> the State have the same effect as actual
> payment and receipt of the money. And the
> State has obtained everything that it could
> recover in this case by a judgment of this
> court in its favor.

*Id.* at 313–14.

Our own decisions are consistent with this view: a claim
becomes moot once the plaintiff *actually receives* all of the
relief to which he or she is entitled on the claim. *See, e.g.*,
*Back v. Sebelius*, 684 F.3d 929, 933 (9th Cir. 2012) ("Because
the Secretary has already created the administrative appeals
process that Back seeks, 'no present controversy exists as to
which [we] can grant effective relief.'" (alteration in original)
(quoting *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933,
936 (9th Cir. 2012)).**[6]**

---

**[6]** *See also S. Cal. Painters & Allied Trades, Dist. Council No. 36 v.
Rodin & Co.*, 558 F.3d 1028, 1035–36 (9th Cir. 2009) (a claim for
damages was moot where the back union dues sought in the action had
been fully paid); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520–21
(9th Cir. 1999) (where claims against a police officer had been fully
satisfied, the plaintiff's claims regarding whether the officer's actions
were unconstitutional were moot); *Sohappy v. Hodel*, 911 F.2d 1312, 1321
(9th Cir. 1990) (a claim the government had broken agreements to replace
fishing lands destroyed by a dam was mooted by the acquisition of
replacement lands "satisfying the plaintiffs' demands"); *Carter v.
Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (where plaintiff's

20          CHEN V. ALLSTATE INS. CO.

Under this line of cases, Pacleb's individual claims for damages and injunctive relief are not now moot. "A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Here, Pacleb has not yet *received* any relief on his individual claims for damages or injunctive relief. His claims are wholly unsatisfied, and it remains entirely possible for a court to grant him effectual relief. *See Campbell-Ewald*, 136 S. Ct. at 672. At this moment, therefore, Allstate's actions plainly have not mooted Pacleb's individual claims.

Under the common law doctrine of tender, there may have been occasions when the deposit of money in court could be "treated as the equivalent of an actual payment to and acceptance by the plaintiff." Robert G. Bone, *"To Encourage Settlement": Rule 68, Offers of Judgment, and the History of the Federal Rules of Civil Procedure*, 102 Nw. U.L. Rev. 1561, 1585 (2008). At most, however, that principle applied when the defendant unconditionally relinquished its entire interest in the deposited funds. *See id.* at 1586 ("The money became the plaintiff's property as soon as it was deposited and remained the plaintiff's property even if the defendant won at trial. As one commentator put it, 'the defendant bids his money an eternal farewell.'" (quoting H. Gerald Chapin, *Code Practice in New York* 164 (1918))). That has not occurred here. Allstate has neither deposited the $20,000 in the court nor unconditionally relinquished its interest in the

complaint sought injunctive relief directing a government agency to provide documents he requested under the Freedom of Information Act, the claim was mooted when the agency voluntarily mailed copies of the documents to the plaintiff).

$20,000 to Pacleb. On the contrary, Allstate retains its interest in the funds unless and until the district court dismisses this entire action as moot. *See* Def.-Appellant Allstate Ins. Co.'s Mot. Suppl. Appellate R. 4-5, ECF No. 80 ("The tendered funds have been deposited in an escrow account at The Bank of New York Mellon (the 'Bank') pending entry of a final District Court order or judgment directing the escrow agent to pay the tendered funds to Pacleb, requiring Allstate to stop sending non-emergency telephone calls and short message service messages to Pacleb in the future and dismissing this action as moot. If, and only if, the District Court or any final appellate court declines to issue such an order dismissing this action as moot, Allstate will move the District Court to order the escrowed funds to be returned to Allstate."). Thus, even assuming this aspect of common law tender would apply here, Pacleb has not actually or constructively received the $20,000. Nor has he received relief on his individual injunctive relief claim.**[7]**

In sum, Pacleb's individual claims are not now moot, because he has not actually received all of the relief to which he is entitled on those claims.

---

**[7]** Like Rule 68, common law tender exists principally as a means of limiting damages or costs rather than mooting claims. *See Tender*, *Black's Law Dictionary* (10th ed. 2014) (defining "tender" as "an unconditional offer of money or performance to satisfy a debt or obligation" and "judicial tender" as "[a] tender with actual delivery of money to a party while in court. The object is to avoid further expense. If the pursuer is awarded no higher sum than that tendered, the pursuer is then found liable for the defender's expenses from the date of the tender."); Alva R. Hunt, *A Treatise on the Law of Tender, and Bringing Money Into Court* § 5 (1903) ("[W]here the debtor or obligor has but to pay the money or perform the duty to discharge himself of the obligation, in order to stop the running of interest, or prevent the accruing of damages, or to save a forfeiture, or a penalty, an actual tender is necessary." (footnote omitted)).

**2. Allstate's Suggestion That We Should Direct the District Court to Enter Judgment on Pacleb's Individual Claims, as an Attempt to Moot the Action, Is Contrary to *Campbell-Ewald*, Which Affords a Would-be Class Representative with a Live Claim a Fair Opportunity to Show Certification Is Warranted**

The question remains whether we should, as Allstate urges, instruct the district court to order monetary and injunctive relief on Pacleb's individual claims, thereby mooting them, before Pacleb has had an opportunity to move for class certification. We assume, without deciding, a court has authority in an appropriate case to enter judgment for complete relief on a plaintiff's individual claims over the plaintiff's objection. *Cf. Diaz*, 732 F.3d at 955 (recognizing a court may have discretion to halt a lawsuit – or, as relevant here, particular claims – by entering judgment for the plaintiff when the defendant "unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory" (quoting *Genesis Healthcare*, 133 S. Ct. at 1536) (Kagan, J., dissenting)) (internal quotation marks omitted)).

Even if that is true, however, *Campbell-Ewald* clearly suggests it would be inappropriate to enter judgment under these circumstances. As *Campbell-Ewald* explained, "[w]hile a class lacks independent status until certified, *a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted*." *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added) (citation omitted) (citing *Sosna*, 419 U.S. at 399). Accordingly, when a defendant consents to judgment affording complete relief on a named plaintiff's individual

claims before certification, but fails to offer complete relief
on the plaintiff's class claims, a court should not enter
judgment on the individual claims, over the plaintiff's
objection, before the plaintiff has had a fair opportunity to
move for class certification.

This conclusion is consistent not only with *Campbell-
Ewald* but also with previous Supreme Court decisions noting
a named plaintiff's "'personal stake' in obtaining class
certification," *Geraghty*, 445 U.S. at 404, recognizing
"[s]ome claims are so inherently transitory that the trial court
will not have even enough time to rule on a motion for class
certification before the proposed representative's individual
interest expires," *id.* at 399, and disapproving of the "picking
off" of named plaintiffs to deny a would-be class
representative a fair opportunity to seek class relief, *see
Roper*, 445 U.S. at 339. As the Court said in *Roper*, 445 U.S.
at 339, "[r]equiring multiple plaintiffs to bring separate
actions, which effectively could be 'picked off' by a
defendant's tender of judgment before an affirmative ruling
on class certification could be obtained, obviously would
frustrate the objectives of class actions." *But cf. Genesis
Healthcare*, 133 S. Ct. at 1529–32 (applying these authorities
narrowly in the FLSA collective action context).

Contrary to Allstate's argument, our conclusion is also
consistent with the proposition that "a court may have
'discretion to halt a lawsuit by entering judgment for the
plaintiff when the defendant unconditionally surrenders and
only the plaintiff's obstinacy or madness prevents her from
accepting total victory.'" *Diaz*, 732 F.3d at 955 (quoting
*Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan, J.,
dissenting)). A named plaintiff exhibits neither obstinacy nor
madness by declining an offer of judgment on individual

claims in order to pursue relief on behalf of members of a
class. As the Supreme Court has recognized, the class action
device is often the only effective means of pursuing relief on
behalf of injured persons. "Where it is not economically
feasible to obtain relief within the traditional framework of a
multiplicity of small individual suits for damages, aggrieved
persons may be without any effective redress unless they may
employ the class-action device." *Roper*, 445 U.S. at 339. A
named plaintiff acts sensibly by pursuing all of the relief
sought in the complaint, and "a judgment satisfying an
individual claim does not give a [named] plaintiff . . . ,
exercising her right to sue on behalf of other employees, 'all
that [she] has . . . requested in the complaint (*i.e.*, relief for
the class).'" *Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan,
J., dissenting) (third and fourth alterations in original)
(quoting *Roper*, 445 U.S. at 341 (Rehnquist, J., concurring)).

Our approach is also consistent with leading treatises on
federal procedure. According to Wright & Miller, "[i]f the
defendant is willing to consent to judgment on terms that
embrace all the relief the plaintiff could win on the merits, the
action may be found moot." 13B Charles Alan Wright &
Arthur R. Miller, *Federal Practice and Procedure* § 3533.2
(3d ed. 2015). But "offers to provide full relief to the
representative plaintiffs who wish to pursue a class action
must be treated specially, lest defendants find an easy way to
defeat class relief." *Id.*; *accord* 13C *id.* § 3533.9.1.
"[A]pplying both the flexibility of Article III's requirements
and the need to protect the interests of class members prior to
certification, Article III mootness should not provide a
vehicle for 'picking off' named plaintiffs or eliminating class
treatment of claims until there has been a reasonable
opportunity to present the issue of class certification to the
court." 5 *Moore's Federal Practice*, *supra*, § 23.64[1][b].

"[W]hen a named plaintiff has requested class certification and class relief in its complaint, but has not yet had a reasonable opportunity to file a motion seeking class certification, an offer of individual relief should not be considered to be a tender of all relief requested in the complaint." *Id.*

Finally, our conclusion is consistent with district court decisions issued since *Campbell-Ewald* was decided. *See Bais Yaakov of Spring Valley v. Graduation Source, LLC*, ___ F. Supp. 3d. ____, No. 14-cv-3232 (NSR), 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) ("Although Defendants sought to avail themselves of the hypothetical proposed in *Campbell-Ewald* by depositing the full amount of statutory damages into the Court's Finance Unit and assenting to the injunctive relief requested by Plaintiff in its Complaint, . . . this Court is bound by *Campbell-Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted. . . . [If] after discovery Plaintiff fails to certify a class, Defendants may renew their request to issue judgment in favor of Plaintiff based upon a complete offer of relief."); *Brady v. Basic Research, LLC*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (precluding a defendant from using Federal Rule of Civil Procedure 67 to moot a case before a plaintiff has had a fair opportunity to pursue class certification).[8]  We approve of these decisions, which adhere to the requirements

_____

[8] *See* Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.").  For a brief history of Rule 67, see John Quincey Somerville, *Fed. R. Civ. P. 67: Is It More Than Meets the Eye?*, 42 Ala. L. Rev. 215 (1990).

of Article III without depriving a named plaintiff of *Campbell-Ewald*'s "fair opportunity to show that certification is warranted." 136 S. Ct. at 672.

In sum, a district court should decline to enter a judgment affording complete relief on a named plaintiff's individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification. *See id.* In this way, even if *Pitts* were not controlling, a live controversy would persist until the question of class certification could be addressed.

## CONCLUSION

We hold the judgment Allstate has consented to would afford Pacleb complete relief on his individual claims for damages and injunctive relief. To date, however, Pacleb has not actually received complete relief on those claims. Those claims, therefore, are not now moot. In addition, because "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," *id.*, we will not, as Allstate urges, direct the district court to enter judgment on Pacleb's individual claims before Pacleb has had a fair opportunity to move for class certification. Finally, even if Pacleb's individual claims were otherwise fully satisfied, he could continue to seek class certification under *Pitts*. For these reasons, the district court's order denying Allstate's motion to dismiss the complaint for lack of subject matter jurisdiction is affirmed.

## ORDER AFFIRMED.

\* \* \*

Allstate's motion to supplement the record on appeal, filed February 12, 2016, is **GRANTED**.