**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SANDRA MADDOX and TOMETTA MADDOX
HOLLEY, on behalf of themselves and
all others similarly situated,

                                Plaintiffs,

                                v.

THE BANK OF NEW YORK MELLON
TRUST CO.,

                                Defendant.

15-cv-01053
**DECISION AND ORDER**

        This putative class action is before the Court on The Bank of New York Mellon Trust Company's (BONY Mellon) motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the Court denies the motion.

## BACKGROUND[1]

        The Plaintiffs allege that they own real property in Buffalo, New York that was encumbered by a mortgage. In 2000, when the Plaintiffs entered into the loan that the mortgage secured, the mortgage was recorded in the Erie County Clerk's Office. Likewise, when the mortgage was assigned to BONY Mellon in 2013, that assignment was recorded with the County Clerk. In October 2014, the Plaintiffs paid off their mortgage loan. However, as of the date the Plaintiffs filed their complaint in this case—

---

[1] Because this case is before the Court on BONY Mellon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court assumes the truth of the facts alleged in the complaint. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Thus, in resolving this motion, the Court may consider the facts surrounding BONY Mellon's offer to the Plaintiffs. Although an affidavit (rather than factual assertions in a brief) would be a preferable way of presenting those facts to the Court, neither party contests the facts set forth below.

approximately 14 months after they paid off their mortgage loan—the Plaintiffs allege that BONY Mellon had not filed a satisfaction of mortgage with the Erie County Clerk's Office.

The Plaintiffs' claims in this case are based on BONY Mellon's alleged failure to do so. Specifically, the Plaintiffs allege that BONY Mellon is liable to them under a New York statute which imposes increasing penalties on a strict liability basis if a mortgagee fails to timely record a certificate of discharge with the county clerk. *See* N.Y. Real Prop. Acts. § 1921(1). The maximum penalty available under the statute is $1,500. *Id.* The statute also provides that, at least in some circumstances, the mortgagor may be entitled to attorneys' fees.[2]

BONY Mellon's motion to dismiss is based on the actions it took after the Plaintiffs filed their complaint. BONY Mellon asserts that, in early February 2016, its counsel made an oral offer to the Plaintiffs' counsel "to settle [this] matter for the full amount of statutory damages plus one dollar, as well as all reasonable legal fees and costs incurred to date." Docket No. 11-1 at 4. One week later, counsel for BONY Mellon served the Plaintiffs with an offer of judgment for $5,001, pursuant to Federal Rule of Civil Procedure 68. That offer was accompanied by a check, made payable to the Plaintiffs' counsel, in the amount of $5,001. BONY Mellon intended that amount to represent the sum of two figures: $1,501 (one dollar more than the maximum statutory damages available to the Plaintiffs) plus $3,500, representing BONY Mellon's "good

---

[2] It is unclear whether the fees available under Real Property Actions and Proceedings Law § 1921(7) are available in a case such as this one, in which the mortgagor has not sought relief under § 1921(2). *See* N.Y. Real Prop. Acts § 1921(7) ("The court, in its discretion, when granting any such order after application therefor *pursuant to subdivision two of this section*, may award costs and reasonable attorney's fees to the person making the application . . . .") (emphasis added). Because neither party raises the issue, the Court assumes that, if the Plaintiffs were successful in this case, they would be entitled to attorneys' fees pursuant to either § 1921(7) or some other statute.

faith estimate of the reasonable attorney fees and costs accrued to date." *Id.* BONY Mellon acknowledges that "Plaintiffs rejected the Offer of Judgment." *Id. See also* Docket No. 13 at 2 ("Plaintiffs did not accept Defendant's offer.")

BONY Mellon then moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). BONY Mellon argues that its offer mooted the Plaintiffs' claims because the offer provided the Plaintiffs with all they could hope to recover if they were successful in this case. Thus, BONY Mellon argues, the Court lacks subject matter jurisdiction.

### DISCUSSION

"A case becomes moot"—and, therefore, beyond a federal court's subject matter jurisdiction—"only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. SEIU*, 132 S. Ct. 2277, 2278 (2012) (quotation marks omitted). Thus, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984). The issue in this case is how these well-established principles apply where a defendant offers a plaintiff a sum of money representing the plaintiff's maximum possible recovery—and includes a check with that offer—but where the plaintiff chooses to not accept the offer and to do nothing with the check.

The Supreme Court largely answered this question in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). In *Campbell-Ewald*, the plaintiff filed a complaint under the Telephone Consumer Protection Act (TCPA), which allows a plaintiff to recover up to $1,500 when he or she receives, among other things, a text message that violates the TCPA's requirements. *See id.* at 667 (quoting 47 U.S.C. § 227(b)(3)). Before the

3

plaintiff moved to certify a class, the defendant offered the plaintiff $1,503 for each violative text message the defendant had sent the plaintiff. The defendant intended that amount to represent the plaintiff's maximum statutory recovery, as well as his costs, but not his attorney's fees. *Id.* at 667. The defendant also offered to consent to an injunction prohibiting it from violating the TCPA. *Id.* at 668. The defendant then moved to dismiss for lack of subject matter jurisdiction, contending that its "offer mooted [the plaintiff's] individual claim by providing him with complete relief." *Id.*

The Supreme Court held that the defendant's unaccepted settlement offer did not divest the Court of a "Case[]" or "Controvers[y]." U.S. Const., Art. III, § 2. An unaccepted offer, the Court held, "however good the terms," leaves the plaintiff's "interest in the lawsuit just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any settlement offer—is a legal nullity, with no operative effect." *Campbell-Ewald*, 136 S. Ct. at 670 (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting)). This conclusion, the Court noted, was not affected by the fact that the defendant's offer was made pursuant to Rule 68. "[T]o the contrary, that rule specifies that '[a]n unaccepted offer is considered withdrawn.'" *Id.* (quoting Fed. R. Civ. P. 68(b)). Thus, the plaintiff's decision to not accept the defendant's offer—no matter whether doing so might ultimately leave the plaintiff in a worse position than she would have been in had she accepted the offer—left "the parties . . . adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 670-71. As a result, the "litigation carries on, unmooted." *Id.* at 670 (quoting *Genesis Healthcare*, 133 S. Ct. at 533 (Kagan, J., dissenting)).

*Campbell-Ewald* is largely on point with this case. BONY Mellon nonetheless asks the Court to conclude that the case is moot because, unlike the Rule 68 offer in *Campbell-Ewald*, BONY Mellon's Rule 68 offer of judgment was accompanied by a check for the total amount of the offer. *See* Docket No. 11 at 5 (arguing that *Campbell-Ewald*'s holding "was limited to the situation where only an offer of settlement was rejected, and that it did not extend to cases, such as here, where complete payment was made to the Plaintiff") (emphasis omitted). BONY Mellon's argument is based primarily on Chief Justice Roberts' dissent in *Campbell-Ewald*, in which he observed that *Campbell-Ewald*'s holding "is limited to its facts." *Id.* at 683. The *Campbell-Ewald* majority, Chief Justice Roberts noted, "holds that an *offer* of complete relief is insufficient to moot a case. The majority does not say that *payment* of complete relief leads to the same result." *Id.* (emphases in original). The Chief Justice then noted—as the *Campbell-Ewald* majority acknowledged, *id.* at 672—that the "Court leaves that question for another day." *Id.* at 683. BONY Mellon attempts to test the limit Chief Justice Roberts identified in *Campbell-Ewald*'s holding. BONY Mellon does so by equating an offer accompanied by a check—what BONY Mellon repeatedly calls "payment"—with *acceptance* of that offer.

The issue, then, is whether BONY Mellon's offer to pay $5,001 (allegedly in full satisfaction of the Plaintiffs' claims), *in addition to* BONY Mellon's tender of $5,001 to the Plaintiffs, is sufficient to moot this case. Courts addressing this question in the months since *Campbell-Ewald* have reached inconsistent answers. *See Family Medicine Pharmacy, LLC v. Perfumania Holdings, Inc.*, Civil Action 15-0563-WS-C, 2016 WL 3676601, at *5 n.7 (S.D. Ala. July 5, 2016) (collecting a number of

"[t]houghtful, well-reasoned decisions" that "have emerged on both sides of the issue"). Analyzing the question practically, a rejected tender is no different than a rejected offer; both leave a plaintiff with nothing. And, as a result, *Campbell-Ewald* dictates that the plaintiff's claim remains alive. As one post-*Campbell-Ewald* decision has noted, "there is no principled difference between a plaintiff rejecting a *tender* of payment and an *offer* of payment." *Ung v. Universal Acceptance Corp.*, --- F. Supp. 3d ---, 2016 WL 3136858, at *5 (D. Minn. June 3, 2016) (emphases in original). "[I]n either case, the plaintiff ends up in the exact same place he occupied before his rejection." *Id.*

This analysis is incomplete, however, because *Campbell-Ewald* makes clear that "basic principles of contract law"—not functional considerations—govern whether an unaccepted offer moots a case. *Campbell-Ewald*, 136 S. Ct. at 670. *See also id.* ("As every first-year law student learns, the recipient's rejection of an offer 'leaves the matter as if no offer had ever been made.'") (quoting *Genesis Healthcare*, 133 S. Ct. at 1533 (Kagan, J., dissenting), in turn quoting *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151 (1886)). Thus, the question is whether the law draws any relevant distinction between offers and tenders.

The Ninth Circuit addressed this question in *Chen v. Allstate Insurance Co.*, 819 F.3d 1136 (9th Cir. 2016), one of the few federal court of appeals decisions to have addressed *Campbell-Ewald*. In *Chen*, the court noted that, "[u]nder the common law doctrine of tender, there may have been occasions when the deposit of money in court could be 'treated as the equivalent of an actual payment to and acceptance by the plaintiff.'" *Id.* at 1145 (quoting Robert G. Bone, *"To Encourage Settlement": Rule 68, Offers of Judgment, and the History of the Federal Rules of Civil Procedure*, 102 NW.

U.L. Rev. 1561, 1585 (2008)). That principle, however, "applied when the defendant unconditionally relinquished its entire interest in the deposited funds," an event which had not occurred in *Chen* because the defendant "ha[d] neither deposited the [funds] in the court nor unconditionally relinquished its interest in the [funds] to [the plaintiff]." *Id.* at 1146. In other words, a tender of the sort that has occurred in this case—one party sending a check to the other party—was *not* sufficient at common law to end a case. *See Campbell-Ewald*, 136 S. Ct. at 675 (Thomas, J., concurring) ("Even when a potential defendant properly effectuated a tender, the case would not necessarily end. At common law, a plaintiff was entitled to deny that the tender was sufficient to satisfy his demand and accordingly go on to trial.") (quotation marks and brackets omitted).³ Thus, BONY Mellon's act of sending the Plaintiffs a check was insufficient to moot this case.

BONY Mellon's reliance on the Second Circuit's decision in *Tanasi v. New Alliance Bank*, 786 F.3d 195 (2d Cir. 2015) does not change this conclusion. In *Tanasi*,

---

³ *See also Ung*, 2016 WL 3136858 at *5 (observing that "[a] tender is nothing more than a species of offer" and citing authority dating to Blackstone for the proposition that a tender does not extinguish an underlying debt); *Taylor v. Brooklyn Elevated R.R. Co.*, 23 N.E. 1106, 1107 (N.Y. 1890) ("A tender is not effectual, under the Code, unless the money is accepted or paid into court. If it is not accepted, in lieu of acceptance, and in order to make his tender available in law, the defendant may deposit the amount in court. The payment into court is thus deemed equivalent to an acceptance by the plaintiff of the amount tendered.") (citations omitted); Bone, *To Encourage Settlement*, 102 NW. U.L. Rev. at 1585 ("If the plaintiff rejected the tender, the defendant accomplished the same thing by depositing the money in court. . . . The money became the plaintiff's property as soon as it was deposited and remained the plaintiff's property even if the defendant won at trial."); *id.* at 1586 n. 101 ("'Payment into court . . . is equivalent to an acceptance by the plaintiff of the amount tendered. The money deposited is deemed in law a payment to the plaintiff on account of the contract obligation, or of a conceded liability for the injury.'") (quoting H. Gerald Chapin, *Code Practice in New York* 164 (1918)). Although, as noted, the post-*Campbell-Ewald* authority on the issue raised in BONY Mellon's motion is somewhat inconsistent, several courts have found that "a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court." *Leyse v. Lifetime Entm't Servs., LLC*, --- F. Supp. 3d ---, 2016 WL 1253607, at *2 (S.D.N.Y. 2016). *See also Gray v. Kern*, 143 F. Supp. 3d 363, 367 (D. Md. 2016). *But see Bais Yaakov of Spring Valley v. Graduation Source, LLC*, --- F. Supp. 3d ---, 2016 WL 872914, at *1 (S.D.N.Y. 2016) (holding that, even where the defendant deposited funds into the court registry, the case was not moot where the court had "not entered judgment in favor of Plaintiff and has not, by express, written order released the funds to Plaintiff") (citations omitted).

the Second Circuit held, several months before the Supreme Court's decision in *Campbell-Ewald*, that "a rejected settlement offer under Rule 68, by itself, cannot render moot a case." *Id.* at 200 (quotation marks and brackets omitted). As the Second Circuit noted, a district court should enter judgment against a defendant only "if the parties *agree* that a judgment should be entered against the defendant." *Id.* (emphasis added). *Campbell-Ewald* does nothing to affect this holding. To the contrary, the *Campbell-Ewald* majority noted that its reasoning was the same as the Second Circuit's in *Tanasi*. *See Campbell-Ewald*, 136 S. Ct. at 670 n.4. Thus, after both *Tanasi* and *Campbell-Ewald*, the issue is whether there has, in fact, been an agreement. As discussed above, BONY Mellon's tender is not the equivalent of an agreement that would moot this case.

## CONCLUSION

For the reasons stated above, the Court denies BONY Mellon's motion to dismiss. Docket No. 11.[4] In a separate order, the Court will refer this case to a magistrate judge to oversee discovery and other pretrial proceedings.

**SO ORDERED.**


Dated: August 31, 2016                               *s/Richard J. Arcara*
    Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                                         UNITED STATES DISTRICT JUDGE

---

[4] Because the Court denies BONY Mellon's motion to dismiss based on the Plaintiffs' non-acceptance of BONY Mellon's offer, the Court need not address the Plaintiffs' alternative arguments, such as whether BONY Mellon's offer provided the Plaintiffs with complete relief, or the effect, if any, of the Plaintiffs' class claims on BONY Mellon's mootness arguments.